IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Erin McCain Townley** § | | Cause No. 4:25-cv-02090 |
| **Plaintiff** § | | |
| § | | |
| **v.** § | | |
| § | | **Jury Trial Demanded** |
| **Synchrony Bank** § | | |
| **Defendant** § | | |

## PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE COURT:

COMES NOW, Erin McCain Townley ("Plaintiff"), and files this her Third Amended Petition against Synchrony Bank ("Defendant"), and in support thereof respectfully shows the Court as follows:

### I. PROCEDURAL HISTORY

1. Plaintiff's Original, First Amended, and Second Amended Petitions were filed, *pro se*, in the Justice of the Peace Courts of Harris County, Precinct 1, Place 2, Case No. 241200378263, and were subsequently removed to this Court, as the Plaintiff's claims evolved into issues of Federal Question, as detailed below.

2. Defendant Synchrony has moved for leave to file Dispositive Motions, as Plaintiff's prior pleadings were submitted to the Justice Courts *pro se*, and the Plaintiff did not have the procedural knowledge requisite to submit comprehensive and detailed pleadings which would survive judicial scrutiny in Federal Court. Moreover, the Plaintiff's causes of action required analysis beyond the Plaintiff's ability as a *pro se* litigant. Plaintiff has retained counsel and now respectfully requests that the Court examine her amended pleading in relation to her existing claims and concerns.

3. Of note – the Plaintiff is in possession of exhibits which speak to the veracity of her claims and factual allegations, but believes it would be prudent to move for a Protective Order before such information is set forth, given the high volume of personal identifying information and account numbers which require robust redaction.

## II. PARTIES

4. Plaintiff, Erin McCain Townley, is an individual residing in Harris County, Texas.

5. Defendant, Synchrony Bank, is a financial institution authorized to do business in Texas and may be served with process through its registered agent, the Texas Secretary of State, at 1019 Brazos Street, Room 105, Austin, Texas 78701.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the laws of the United States as "Federal Question".

7. Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District, Plaintiff resides in Harris County, Texas, and Defendant transacts significant business within Houston, Texas, such that it is subject to personal jurisdiction in this District.

s

## IV. FACTUAL ALLEGATIONS

8. On or about July 22, 2023, Plaintiff made a purchase in the amount of $140.71 on her PayPal Credit account, which is managed by Defendant. Plaintiff later disputed the transaction, as the product received was unsatisfactory. The product which was delivered was inconsistent with the seller's promises, and the Plaintiff asked for a return or a $50 reduction in purchase price. The seller requested a return of the item and send a QR code which was not active or usable.

9. On or about July 29th, 2023, the Plaintiff contact Ebay and requested a shipping label with the return address. Ebay never responded to the Plaintiff's request. Thereafter the $140.71 charge appeared and remained on the Plaintiff's account.

10. **At this point in time, the Plaintiff's FICO credit score was approximately 687.**

11. On or about August 30th, having not heard back from Ebay or the Seller, the Plaintiff submitted an informal charge dispute with supporting documents. On or about September 4th, 2023, the Plaintiff received correspondence from Defendant Synchrony Bank, acknowledging the information dispute and crediting the Plaintiff's account.

12. **On or about October 14th, 2023, the Plaintiff's FICO credit score was 693.**

13. However, on or about October 17th, 2023, a charge for $140.71 appeared on the Plaintiff's account. No correspondence was received from the Defendant regarding this apparent charge reversal.

**CFPB COMPLAINT AGAINST DEFENDANT**

14. On or about October 19th, 2023, the Plaintiff filed a complaint with the Consumer Financial Protection Bureau, Complaint ID No. 231019-122888761, against Defendant Synchrony Bank.

15. On or about October 21st, 2023, the Plaintiff received correspondence from the Defendant regarding the $140.71 merchant chargeback. Moreover, this is the first time a Return Address was for the Seller was provided to the Plaintiff.

16. On or about October 25th, 2023, the Plaintiff requested an appeal through Ebay regarding the shipment of the product to the Seller's address, as shown on the representment. Ebay denied this request and refused to approve the return of the product to the Seller.

**RETALIATION BY DEFENDANT – COUNT 1**

17. On or about October 27th, 2023, the Plaintiff received her statement from Ebay Mastercard account ending in xxx584. Within the statement, it indicates that the Plaintiff's credit limit on the account ending in xxx584 was reduced from $8,000.00 down to $100.00.

18. **At this point in time, the Plaintiff's FICO credit score is approximately 668.**

19. On or about October 31st, 2023, the Plaintiff sent a formal dispute of the $140.71 charge directly to Defendant Synchrony Bank via certified mail, return receipt requested, specifically geared towards the October 17th re-charge.

20. On or about November 1st, 2023, the Defendant responds to the Consumer Financial Protection Bureau complaint, and intimates that they will investigate the matter.

**RETALIATION BY DEFENDANT – COUNT 2**

21. On or about November 9th, 2023, the Plaintiff receives her statement for her Amazon account ending in xxx937. Defendant Synchrony unilaterally reduced the credit limit on her account from $2,800.00 down to $540.00. This was done without notice or explanation.

**RETALIATION BY DEFENDANT – COUNT 3**

22. On or about November 10th, 2023, the Plaintiff received her statement for her Amason account ending in xxx918. Defendant Synchrony unilaterally reduced the credit limit on her account from $1,600.00 down to $500.00. This was done without notice or explanation.

23. On or about November 15th, 2023, Defendant Synchrony responded to the Plaintiff's October 31st Formal Dispute. Synchrony reiterated is prior suggestion to attempt to return the item, and reiterated its intent to investigate the matter further. Defendant instructed Plaintiff to return the product to the seller and provided a return shipping address. Plaintiff complied and returned the product, with delivery confirmed on December 1, 2023. The return of the item was inherently delayed because (i) the Seller refused to provide a return-address, and (ii) the Defendant intentionally delayed sending the Plaintiff that same information within a compliant and legitimate shipping label, despite her multiple requests.

**NOTICE**

24. Despite receiving proof of the return, Defendant failed to credit Plaintiff's account for the disputed transaction. Plaintiff sent a letter to Defendant on December 1st, 2023,

providing tracking details and requesting credit. Defendant ignored this communication. Or, at the very least, declined to respond to the communication. In turn, the Plaintiff submitted another formal dispute of the October 17th Chargeback. To the best of Plaintiff's knowledge, Defendant Synchrony never responded to the Formal Dispute or initiated any follow-up investigation.

25. Between December of 2023 and April of 2024, the Defendant failed to respond to the Plaintiff's formal disputes or complaints.

26. However, on or about April 29th, 2024, an interest charge of an additional $20.59, added to the $140.71 charge, appeared on the Plaintiff's account.

27. On May 2, 2024, Plaintiff sent a demand letter to Defendant, which was also ignored. Defendant continued to send erroneous account statements and attempted to collect the disputed $140.71, in violation of applicable laws. This letter included the FedEx tracking information confirming return of the item and receipt by the Seller.

28. Despite communication between the Plaintiff and Defendant during the month of May 2024, no resolution was forthcoming between the parties.

29. Finally, on or about June 7th, 2024, the Plaintiff received notice from Defendant Synchrony bank, informing the Plaintiff that the Defendant would be closing the formal dispute claim.

30. On or about September 2nd, 2024, the Plaintiff called Synchrony regarding the newly issued Dispute. During the course of this conversation, Defendant allegedly promised to credit the $140.71 back to the Plaintiff. The reductions in her credit line were not addressed.

31. On or about October 1st, 2024, the Plaintiff filed her complaint in Small Claims Court, Harris County JP Precinct 1, place 2. Service was perfected on October 4th, 2024, with an initial hearing date set for November 5th, 2024. Defendant failed to appear.

**RETALIATION BY DEFENDANT – COUNT 4**

32. On or about November 8th, 2024, the Plaintiff received her statement from her Discount Tire account ending in xxx127. Defendant had reduced her credit limit from $1,500.00 down to $0.00, at which point Defendant Synchrony closed her account without notice.

**RETALIATION BY DEFENDANT – COUNT 5**

33. On or about November 8th, 2024, the Plaintiff received her statement from her Amazon Credit Account ending in xxx918. Defendant had reduced her credit limit from $500.00 down to $240.00, unilaterally and without notice or explanation.

**RETALIATION BY DEFENDANT – COUNT 6**

34. On or about November 10th, 2024, the Plaintiff received her statement from her Amazon Credit Account ending in xxx937. Defendant had reduced her credit limit from $540.00 down to $440.00, unilaterally and without notice or explanation.

35. On or about November 14th, 2024, the Plaintiff filed a Motion for Default Judgment within her Small Claims court case. Only *then* did Defendant Synchrony file their Original Answer and Defenses.

36. **On or about November 16th, 2024, the Plaintiff's FICO score was 662.**

**RETALIATION BY DEFENDANT – COUNT 7**

37. On or about November 24th, 2024, the Plaintiff received her statement from her Mastercard account ending in xxx650. The Defendant had reduced her credit limit

from $10,000.00 down to $440.00, without notice or explanation.

**RETALIATION BY DEFENDANT – COUNT 8**

38. On or about November 24th, 2024, the Plaintiff received her statement from her LOWES account ending in xxx169. The Defendant had reduced her credit limit from $8,900.00 down to $1,500.00, without notice or explanation.

39. **On or about November 30th, 2024, the Plaintiff's FICO score was 656.**

40. On or about February 18th, 2025, the Defendant began accessing all of the Plaintiff's accounts within her TransUnion credit file. **By the 21st of February, the Defendant had blocked all online access to the Synchrony Account Manager portal, interfering with the Plaintiff's ability to make payments.**

41. On or about March 13th, 2025, the Plaintiff filed a First Amended Petition within Small Claims Court – this amended complaint included factual allegations and causes of action geared towards the Equal Credit Opportunity Act and the blocking of the Plaintiff's ability to make payments online.

**RETALIATION BY DEFENDANT – COUNTS 9 – 17**

42. Between April 1st, 2025 and May 1st, 2025, in near direct response to the Plaintiff's Amended Petition, Defendant Synchrony rejected no fewer than eight (8) ACH wire payments towards her Amazon and eBay accounts. These rejections directly resulted in additional fees and penalties against the Plaintiff resulting in accrued late fees and penalties of approximately **$1,400.00**.

43. On or about May 6th, 2025, the Plaintiff filed a Second Amended Petition including the above factual allegations and attempting to amend their causes of action.

44. On or about May 8th, 2025, Defendant Synchrony then filed to remove the matter to the Southern District of Texas federal courts, as the Plaintiff's amended causes of action proved to include violations of federal credit statutes. *However, this did not deter the Defendant's pattern of activity.*

**RETALIATION BY DEFENDANT – COUNT 18**

45. On or about May 9th, 2025, the Defendant *erroneously* reported Plaintiff's Amazon account ending in xxx918 as "Past Due" / "Delinquent" to Experian, Equifax, and Transunion.

**RETALIATION BY DEFENDANT – COUNT 19**

46. On or about May 11th, 2025, the Defendant *erroneously* reported Plaintiff's Amazon account ending in xxx937 as "Past Due" / "Delinquent" to Experian, Equifax, and Transunion.

47. **At this point in time, the Plaintiff's FICO credit score is reduced to 607.**

**RETALIATION BY DEFENDANT – COUNT 20**

48. On or about May 20th, 2025, Defendant rejected the Plaintiff's payments made towards her eBay account ending in xxx584. s

**RETALIATION BY DEFENDANT – COUNT 21**

49. On or about My 28th, 2025, Defendant *erroneously* reported Plaintiff's Ebay account ending in xxx584 as "Past Due" / "Delinquent" to Experian, Equifax, and Transunion.

50. On or about June 9th, 2025, the Plaintiff submitted a Formal Dispute to Defendant Synchrony for the above referenced Amazon accounts, which included billing errors, account inaccuracies, and disputes of the false credit reports made to the Credit Reporting

Agencies.

### RETALIATION BY DEFENDANT – COUNT 22

51. On or about June 20th, 2025, in near direct response to the Plaintiff's Dispute, Defendant Synchrony Bank rejected an ACH wire payment the Plaintiff attempted to pay towards her Ebay account ending in xxx584, as well as her LOWE'S account ending in xxx169.

### RETALIATION BY DEFENDANT – COUNT 23

52. On or about June 24th, 2025, the Defendant unilaterally lowered the Plaintiff's credit limit on her LOWE'S account ending in xxx169 from $1,500.00 down to $100.00.

### RETALIATION BY DEFENDANT – COUNT 24

53. On or about June 27th, 2025, the Defendant *erroneously* reported the Plaintiff's Ebay account ending in xxx169 as "closed" to the three major Credit Reporting Agencies.

### RETALIATION BY DEFENDANT – COUNTS 25 - 28

54. Between July 17th, 2025 and August 20th, 2025, the Defendant rejected no fewer than *four* (4) of the Plaintiff's attempts to make payments towards her LOWE'S and Ebay accounts. Including Late Fees and Interests, this resulted in an outstanding amount of approximately $650.00.

### RETALIATION BY DEFENDANT – COUNT 29

55. On or about June 27th, 2025, the Defendant *erroneously* reported the Plaintiff's LOWE'S account ending in xxx169 as "closed" to Experian, Equifax, and TransUnion.

### RETALIATION BY DEFENDANT – COUNT 30

56. On or about August 25th, 2025, the Defendant *erroneously* reported the Plaintiff's LOWE'S account ending in xxx169 as being "Past Due" / "Delinquent" to all three Credit Reporting Agencies.

**57. As of August 31st, 2025, the Plaintiff's FICO credit score is 592.**

58. As of September 2nd, 2025, the Plaintiff has submitted *three* Formal Disputes to the Defendant, with supporting documents, regarding her (i) Ebay account ending in xxx584; (ii) LOWE'S account ending in xxx169; and (iii) Amazon accounts ending in xxx918, and (iv) xxx937. Upon information and belief, no resolution is forthcoming.

## V. CAUSES OF ACTION

59. Plaintiff reiterates all factual allegations above, *in haec verba,* for all following causes of action.

### A. BREACH OF CONTRACT

60. Plaintiff and Defendant entered into valid and enforceable credit agreements. Plaintiff performed all obligations under the agreements, including making timely payments and disputing charges as required.

61. Defendant breached the agreements by failing to credit Plaintiff's account for the returned product, unilaterally reducing credit limits, and rejecting valid payments.

62. As a direct and proximate result of Defendant's breach, Plaintiff has suffered actual damages, including financial losses and harm to her creditworthiness.

### B. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

63. Defendant owed Plaintiff a duty of good faith and fair dealing in the performance of the credit agreements.

64. Defendant breached this duty by engaging in retaliatory actions, failing to investigate and resolve Plaintiff's dispute, and reporting inaccurate information to credit bureaus.

65. Defendant's actions were willful, malicious, and in bad faith, causing Plaintiff to suffer damages.

### C. VIOATIONS OF THE FAIR CREDIT BILLING ACT – 15 U.S.C. § 1666 et seq.

66. Defendant violated the Fair Credit Billing Act by failing to investigate Plaintiff's billing dispute, correct the error, and provide a written explanation of its findings.

67. Defendant's continued attempts to collect the disputed amount and its failure to comply with the Act's requirements caused Plaintiff to incur damages.

68. The Plaintiff satisfied the Act's requirements by and through the following:

    (i) Plaintiff provided written notice of the matter in dispute, which included her name, account number, amount in controversy, and a description of the issue.

    (ii) Written notice was sent within sixty (60) days of the date of incident. (iii) And her notice placed the entity in a position wherein it was obligated to investigate.

### SATISFACTION BY PLAINTIFF

69. The most immediate written notice was issued by the Plaintiff on December 1st of 2023. As the incident in question occurred on October 17th of 2023, that places the Plaintiff's notice within the sixty (60) day statutory window. Moreover, Plaintiff provided the statutorily requisite information, including her name, account number, amount in controversy, and a description of the issue at hand. Unfortunately, while the Plaintiff did satisfy her obligations under the Act, the Defendant did not.

70. Despite the Defendant receiving written notice within those 60 days, and despite the Plaintiff following up with a second written notice in 2024, the Defendant failed to initiate an appropriate investigation. Instead, the Defendant sent erroneous statements and failed to investigate or even respond to the request itself, and then undertook retaliatory

behavior. The Defendant (i) failed to acknowledge the dispute; (ii) failed to investigate it in a timely fashion; (iii) and failed to resolve the issue within the statutory window. ( see generally 15 U.S.C. § 1666 *et seq* )

### D. VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT – 15 U.S.C. § 1691 et seq.

71. Defendant violated the Equal Credit Opportunity Act by reducing Plaintiff's credit limits without providing a statement of specific reasons or sources of information relied upon, as required by law.

72. Defendant's actions were arbitrary, and deprived Plaintiff of her rights under the Act.

73. The Plaintiff satisfied her statutory requirements by and through the following:

(i) the Plaintiff was/is an 'applicant' or 'borrower' at the time of issue; (ii) the Defendant took adverse actions as a creditor, including reducing Plaintiff's credit limit(s), rejecting Plaintiff's legitimate attempts to pay on the account(s) – on multiple occasions, and other adverse actions; (iii) and the Defendant failed to provide notice of those adverse actions within the thirty (30) day statutory window.

### SATISFACTION BY PLAINTIFF

74. Here, the Plaintiff is/was an active 'borrower', with multiple accounts from the creditor Defendant, including PayPal credit and Amazon credit accounts, thus establishing her viability as a consumer for purposes of the Act.

**RETALIATION**

75. Moreover, the Defendant took the following adverse and retaliatory actions against the Plaintiff and her accounts:

    **REDUCTION OF CREDIT LIMITS;**

    **a.** The Defendant unilaterally reduced the credit limits of at least six (6) of the Plaintiff's accounts without (written) notice or explanation.

    **CLOSING ACCOUNTS;**

    **b.** Defendant closed, or falsely designated as "closed" several of the Plaintiff's accounts.

    **FALSE REPORTING;**

    **c**. Defendant repeatedly reported false / inaccurate information to all three Credit Reporting Agencies regarding the Plaintiff's accounts, payment history, and usage.

76. The Defendant either intentionally or negligently failed to notify the Plaintiff of the above reductions and closure in writing within the thirty (30) day statutory window.

**E. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**-15 U.S.C. § 1681,** *et seq***.**

77. Defendant violated the Fair Credit Reporting Act by accessing Plaintiff's credit report without a permissible purpose and by furnishing inaccurate information to credit reporting agencies. Defendant failed to conduct a reasonable investigation into Plaintiff's disputes and continued to report erroneous information, causing harm to Plaintiff's credit reputation.

78. Pursuant to § 1681s-2(b), the Defendant acted as a "Furnisher" of information to the Credit Reporting Agencies listed above. (i) Defendant furnished inaccurate or incomplete

information to the Credit Reporting Agencies; (ii) the Plaintiff notified the Furnisher directly of the disputed reporting; (iii) the Furnisher Defendant failed to reasonably investigate, correct, or delete the inaccurate information; and, (iv) as a direct result the Plaintiff suffered damages. (*See Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) – setting out elements for CRA liability; and Jett v. American Home Mortg. Servicing, Inc., 614 F. App'x 711, 713 (5th Cir. 2015) – outlining elements for furnisher liability.*)

**F. RETALIATION UNDER THE EQUAL CREDIT OPPORTUNITY ACT – 15 U.S.C. § 1691 et seq.**

79. In retaliation for Plaintiff's dispute, Defendant unilaterally reduced the credit limits on *six* of Plaintiff's other Synchrony credit card accounts without notice or explanation. This action severely impacted Plaintiff's credit score and creditworthiness.

80. Defendant further **blocked** Plaintiff's access to her accounts, preventing her from obtaining monthly statements, and accessed Plaintiff's credit report during the pendency of this lawsuit without a permissible purpose.

81. Defendant also *rejected* Plaintiff's attempted payments on certain accounts, falsely claiming the payments were from a closed bank account, while simultaneously accepting payments from the same account for other Synchrony accounts.

82. Defendant's actions have caused Plaintiff significant financial harm, emotional distress, and damage to her reputation and creditworthiness.

## G. VIOLATIONS OF THE TRUTH IN LENDING ACT - 12 C.F.R. § 1026.12(c) & 15 U.S.C. § 1602 et seq

83. Plaintiff is a natural person and a "consumer" within the meaning of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(i), who maintained a credit card account with Defendant, a "creditor" as defined by 15 U.S.C. § 1602(g).

84. The Plaintiff used Defendant's credit card to purchase goods and/or services from a third party merchant deemed suitable by the Defendant. Thereafter, Plaintiff discovered that the goods purchased were defective, not delivered as promised, or otherwise subject to valid claims or defenses against the merchant.

85. Plaintiff timely notified Defendant of the dispute and asserted valid claims and defenses against payment on the credit card account, on multiple occasions over a series of months, to no avail

86. Despite Plaintiff's notice and demand, Defendant failed and/or refused to acknowledge, investigate, or resolve the dispute, and instead continued to seek payment from Plaintiff despite blocking her ability to do so, reported derogatory information to credit reporting agencies including erroneous "past due" notices, and otherwise failed to honor Plaintiff's rights under the Truth In Lending Act and Regulation Z.

87. Defendant's conduct constitutes violations of the Truth in Lending Act, including but not limited to: (i) Failing to honor Plaintiff's right to assert claims and defenses against the issuer under 12 C.F.R. § 1026.12(c); (ii) Failing to properly investigate and resolve a billing error in violation of 15 U.S.C. § 1666(a); and, (iii) Engaging in unlawful collection and reporting activity arising from its noncompliance with TILA.

88. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including but not limited to monetary loss, credit damage, emotional distress, and other consequential harms. Pursuant to 15 U.S.C. § 1640(a), Plaintiff is entitled to recover actual damages, statutory damages, attorney's fees, and costs.

## VI.  JURY TRIAL DEMANDED

89. Plaintiff hereby requests a trial by jury and shall deposit the appropriate funds with the Court before the requisite deadline

## VII. DAMAGES

90. As a direct and proximate result of Defendant's actions, Plaintiff has suffered:

- Actual damages, including financial losses and harm to creditworthiness;
- Non-economic damages, including emotional distress and mental anguish;
- Statutory damages under the Fair Credit Billing Act, Equal Credit Opportunity Act, Truth In Lending Act; and, Fair Credit Reporting Act, including any liquidated or treble damages available therein;
- Prejudgment and post-judgment interest; and
- Attorney's fees and costs as authorized by law.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

1. Actual damages;

2. Statutory damages;

3. Compensatory and non-economic damages;

4. Prejudgment and post-judgment interest;

5. Attorney's fees and costs; and

6. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

                DUMASNEEL
                1800 West Loop South, Suite 2100
                Houston, Texas 77027
                (713) 462-0993
                eservice@dumasneel.com

By: */s/ Julian Frachtman*
H. Julian Frachtman | Texas Bar No. 24087356
jfrachtman@dumasneel.com
Cody W. Dumas | Texas Bar No. 24088964
cdumas@dumasneel.com
**Attorneys for Plaintiff**

CERTIFICATE OF SERVICE

I certify that on September 8th, 2025 a true and correct copy of this document was served according to the FEDERAK RULES OF CIVIL PROCEDURE to the following attorneys of record:

**Joseph J Mammone , Jr.**
Reed Smith LLP
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
t: 469-680-4238
f: 469-680-4299
jmammone@reedsmith.com

                */s/ Julian Frachtman* .
                H. Julian Frachtman